IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

NANCY LEWIS,
                Plaintiff,

vs.
                                                          No. 10-cv-0596 JAP/RLP

MCKINLEY COUNTY BOARD
OF COUNTY COMMISSIONERS,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

On August 17, 2010 Defendant McKinley County Board of Commissioners (the County) filed a Motion For Sanction (Doc. No. 11) asking the Court to impose a sanction against Plaintiff Nancy Lewis and to award the County attorney's fees. Under D.N.M.LR-Civ 7.4(a), Lewis was required to file a response to the Motion for Sanction within fourteen calendar days after service. Lewis did not file a response. However, anticipating that the County was going to seek sanctions, Lewis stated that she opposed an award of sanctions and made an argument in support of her position in her Response to Defendant's Motion To Dismiss For Failure To State A Claim (Doc. No. 8) (Response).  Lewis' Response was filed on August 6, 2010, eleven days *before* the County filed its Motion For Sanction.  Thus, while Lewis has failed to comply with Local Rule 7.4(a), Lewis has made an argument to the Court that opposes sanctions.  Because Lewis is *pro se*, and because she likely believed that her Response to the County's Motion to Dismiss also constituted a response to the County's subsequently filed Motion for Sanction, the Court will construe Lewis' Response to the County's Motion to Dismiss to also be a response to the

1

County's Motion For Sanction.[1]

Having reviewed the arguments of the parties as well as the briefs and the relevant law, the Court will deny the County's Motion for Sanction.

## BACKGROUND

On June 29, 2009, Lewis filed a Complaint For Civil Rights Violation (Doc. No. 4, filed June 6, 2009) (*Smallwood* Complaint) in *Lewis v. Smallwood,* No. 09-cv-00635 WJ/RHS, against "Todd Smallwood, Dekalb County Prosecutor P.L. Dewberry, Dekalb County Police Officer G.W. Frekel, Vicki Jacobs, RN, [and the] Gallup (NM) County Commissioners" alleging that the defendants had violated Lewis' civil rights under 42 U.S.C. §1983.  While Lewis does not appear to have set out the elements of any cause of action in the *Smallwood* Complaint, Lewis alleged, among other things, that she was incarcerated in the McKinley County Detention Center for thirty-nine days. The Honorable United States District Court Judge William "Chip" Johnson dismissed the *Smallwood* Complaint on December 18, 2009 after finding that Lewis could no longer proceed *in forma pauperis* (IFP) due to her changed financial situation.  Order Dismissing Case (Doc. No.  47, filed December 18, 2009).  In dismissing the *Smallwood* Complaint, Judge Johnson noted that Lewis "would do well to consider the arguments made in the pending but now moot motions to dismiss in amending her complaint so that she states only nonfrivolous claims against defendants over which this Court has personal jurisdiction and where venue is proper in this District, and against only those defendants who are not immune from suit." *Id.* at 4.

---

[1]Given Lewis' familiarity with the federal judicial system, the Court cautions Lewis to strictly comply with the Local Rules in any future proceedings as the "failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).

Lewis appealed Judge Johnson's dismissal of her case to the Tenth Circuit Court of Appeals.  The Tenth Circuit consolidated Lewis' appeal with eight other appeals she had filed arising out of twelve other lawsuits Lewis had filed in this District Court.  *Lewis v. Ctr. Market*, Nos. 09-2275, 09-2278, 09-2279, 09-2282, 09-2297, 09-2315, 10-2004, 10-2006, 10-2015, 2010 WL 1948881, *1 (10th Cir. May 17, 2010) (unpublished).  On May 17, 2010, the Tenth Circuit affirmed the revocation of Lewis' IFP status and the dismissal of Lewis' complaints.  *Id.* at *3.  In addition, the Tenth Circuit noted that

> [l]ike the district court, we are concerned that Ms. Lewis has become an abusive litigant. She is warned that she cannot continue filing federal actions without paying any regard to fundamental considerations such as adequately pleading each element of the cause of action, personal jurisdiction, and venue.  She is further warned that any further abusive conduct may result in the imposition of sanctions.

*Id.* at *6.

On June 22, 2010, Lewis filed the case currently before the Court alleging that the County violated her civil rights by incarcerating her for thirty-nine days and by maintaining conditions at the McKinley County Detention Center (Detention Center) that "shock the conscience."  Doc. No. 1.  On July 27, 2010 the County filed a Motion To Dismiss Lewis' Complaint (Doc. No. 7) which the Court granted on September 23, 2010 in a Memorandum Opinion and Order (Doc. No. 15) concluding that Lewis had failed to state a claim for which relief could be granted.  The Court then dismissed Lewis' Complaint with prejudice.  Final Order of Dismissal (Doc. No. 16).

## DISCUSSION

In its Motion for Sanction, the County argues that Lewis' Complaint contains "the same deficiencies she was previous[ly] warned against" and that Lewis "has presented no new facts or allegations within the claim."  Motion for Sanction at 2. The County contends that the Court

3

should award sanctions under Rule 11(c) of the Federal Rules of Civil Procedure to deter the "repetitious conduct of filing the same deficient complaint against" the County. *Id.* at 1.

While the County argues that Lewis' Complaint violated Judge Johnson's and the Tenth Circuit's warnings that she should avoid filing frivolous complaints, the Court disagrees. The *Smallwood* Complaint was essentially a ten-page story, divided into four chapters, that made broad allegations against a number of individuals and entities without appearing to state any particular cause of action. While Lewis cited generally to §1983 in that complaint, the *Smallwood* Complaint does not appear to contain any elements of a cause of action against the County. In fact, the *Smallwood* Complaint only generally states that Lewis was incarcerated at the Detention Center and that she was released thirty-nine days after her arrest, without specifically asserting how the incarceration violated Lewis' civil rights. Aside from the County, all of the defendants named in that complaint were out-of-state defendants over whom the Court may not have had personal jurisdiction. *See* Order Dismissing Case, Civ. No. 09-635 WJ/RHS (Doc. No. 47).

In contrast, Lewis' Complaint in this case eliminated all of the out-of-state defendants and only asserted a cause of action against the County. Lewis abandoned the chaptered story format of her previous complaint and attempted to set forth the elements of a cause of action under §1983. Specifically, Lewis cited to some legal authority, provided a citation to the statute she alleged the County violated by incarcerating her for thirty-nine days, and made an argument regarding municipal liability under §1983. While the Complaint was insufficient to state a cause of action for which relief could be granted as the Court found in its Memorandum Opinion and Order (Doc. No. 15) granting the County's Motion to Dismiss, Lewis at least attempted to follow Judge Johnson's and the Tenth Circuit's advice that she consider amending her complaint and

pay regard to "fundamental considerations such as adequately pleading each cause of action, personal jurisdiction, and venue." *Lewis*, 2010 WL 1948881 at \*6.  Because Lewis attempted to remedy the deficiencies in the *Smallwood* Complaint by reasserting more specific claims against the County in this case, the Court concludes that the imposition of sanctions against Lewis is inappropriate at this time.

IT IS ORDERED that Defendant McKinley County Board of County Commissioners Motion For Sanction (Doc. No. 11) is DENIED.

_____
SENIOR UNITED STATES DISTRICT COURT JUDGE