IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NANCY LEWIS**

      Plaintiff,

vs.                                                                                                                             No. 1:10-cv-00596-JAP-RLP

**MCKINLEY COUNTY BOARD
OF COMMISSIONERS**,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

On October 12, 2010, the Court entered an Order (Doc. No. 24) denying Plaintiff Nancy Lewis' Motion for Leave to Proceed on Appeal Without Prepayment of Costs (Doc. No. 20) (Motion to Proceed IFP). On October 18, 2010, Lewis filed a Motion for Reconsideration (Doc. No. 24) asking the Court to reconsider its Order. Having considered the arguments raised in Lewis' Motion, the Court will deny Lewis' Motion for Reconsideration.

**STANDARD OF REVIEW**

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A litigant who seeks reconsideration of an adverse judgment by the district court may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Id.* A Rule 59(e) motion must be filed within "28 days after the entry of the judgment." Rule 59(e). Lewis' Motion For Reconsideration was filed within 28 days after entry of the Court's order denying Lewis' Motion to Proceed IFP. The Court will therefore construe Lewis' Motion for Reconsideration as a Rule 59(e) motion to alter

1

or amend judgment.  *See Van Skiver*, 952 F.2d at 1243 (noting that a motion to reconsider filed within the Rule 59(e) time limit should be construed as a Rule 59(e) motion).

## DISCUSSION

In order to receive leave to proceed *in forma pauperis* (IFP), a litigant must "demonstrate[] a financial inability to pay the required fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Com'n*, 115 F.3d 809, 812 (10th Cir. 1997). "One need not be absolutely destitute to proceed IFP, but IFP need not be granted where one can pay or give security for the costs and still be able to provide herself and dependents with the necessities of life." *Lewis v. Center Market*, 378 Fed. Appx. 780, 785 (10th Cir. 2010) (quotation marks and alteration omitted).  In its Order, the Court concluded that Lewis can not proceed IFP on appeal not only because Lewis had not established that she cannot pay her costs on appeal due to poverty but also because Lewis had failed to identify a non-frivolous argument on the law and facts in support of the issues raised on appeal. Lewis challenges both of these conclusions in her Motion for Reconsideration.

**I.  Financial Ability to Pay**

Lewis argues that "the Court has misinterpreted some of Plaintiff's figures" and that she is actually unable to pay her costs on appeal while continuing to pay her basic living expenses. However, rather than challenging the Court's calculation of Lewis' finances, Lewis instead only explains why she failed to include certain financial information in her Motion to Proceed IFP. For example, Lewis acknowledges that she failed to include food stamps and Medicaid benefits in her Motion to Proceed IFP, but argues that there was nowhere to list these benefits on the IFP form because she does not believe that food stamps and Medicaid benefits are welfare benefits.

2

Lewis also contends that she did not include the $44,000 judgment owed her because the payments she receives on that judgment are not reliable. Motion at 4-5. Thus, Lewis does not appear to challenge the Court's inclusion of these financial means in its determination that she has adequate resources to pay her costs on appeal, but only explains why she failed to include the information in her Motion to Proceed IFP.

To the extent that Lewis does argue that the Court should not consider the $44,000 judgment because the payments Lewis receives in satisfaction of that judgment are a "pittance," the Court finds that Lewis has failed to demonstrate that she has inadequate resources to pay her costs on appeal even if the Court ignores the $44,000 judgment that Lewis is owed. In its Order, the Court calculated Lewis' monthly income, exclusive of any monies received in satisfaction of her money judgment, at $1390. The Court calculated Lewis' monthly expenses at $972. Lewis does not challenge these figures. Thus, without considering the money Lewis receives as a result of the judgments in her favor, Lewis has $418 remaining income each month, in addition to the money in her checking account, that she could use to pay her costs on appeal. The Court therefore finds Lewis' argument that she cannot pay her costs on appeal due to poverty to be without merit.

**II. Existence of a Reasoned Nonfrivolous Argument.**

Lewis also challenges the Court's conclusion that Lewis has failed to identify the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. In support of this contention, Lewis attempts to set forth the basis of her appeal of the Court's Memorandum Opinion and Order (Doc. No. 15) dismissing Lewis' Complaint for failure to state a claim for which relief can be granted. Lewis contends that she has a valid basis to appeal the Court's conclusion that Lewis failed to state a claim regarding the

length of her detention at the McKinley County Detention Center and the Court's conclusion that Lewis failed to state a claim regarding the conditions of confinement at the Detention Center.

**A. Length of Detention**

In its Memorandum Opinion and Order, the Court concluded that Lewis had failed to state a claim regarding the length of her detention at the Detention Center for two reasons.  First, the Court noted that 18 U.S.C. §3182, the statute Lewis relied on, was permissive in that it only provided that a prisoner *may* be discharged if an agent of the state requesting extradition does not appear within thirty days.  While the Court relied on the fact that "may" is generally a permissive term, the Court noted that in *Cortez Byrd Chips, Inc. v. Bill Harbert*, 529 U.S. 193, 198 (2000)*,* the United States Supreme Court held that "the mere use of 'may' is not necessarily conclusive of congressional intent to provide for a permissive or discretionary authority" if the structure of a statute indicates otherwise.   Second, the Court concluded that even if the statute Lewis relied on could be construed as mandatory, Lewis had failed to allege any facts under which the County could be held liable for the actions of its employee.  Lewis argues that she has a nonfrivolous argument on appeal regarding both of the bases for the Court's conclusion that Lewis had failed to state a claim for which relief could be granted.

With respect to the Court's conclusion that §3182 does not mandate a prisoner's release after thirty-days, Lewis argues that *Cortez* might support her position.  Lewis notes, however, that she "has not yet had the opportunity to read th[e] decision to see whether it holds an argument for her case on appeal, but she assumes that it does, at least linguistically."  Motion at 2.  Thus, to support her assertion that her claim on appeal is not frivolous, Lewis relies on a case that she has not read for a proposition that she assumes the case will contain.  Because Lewis acknowledges that she has not even read the case she believes will support her position, and

4

because Lewis does not set forth any argument for why *Cortez* or any other case would mandate a different result, the Court concludes that Lewis has failed to satisfy the requirement that she identify a reasoned, nonfrivolous argument that can be raised on appeal.

Lewis also contends that she has a nonfrivolous argument on appeal that the Court erred in concluding that Lewis had failed to state a claim under which the County could be held liable for the alleged wrongdoing of one of its employees. Lewis contends that it "makes no sense" for her "to put forth a logical argument" regarding the County's alleged failure to train before discovery has taken place. In support of this argument, Lewis asserts that she "has a list of eleven other opinions she must study before she can hone in on exactly how the County is liable." By acknowledging that she has not even read the cases that she believes will support her position on appeal, Lewis again fails to establish that she has a reasoned and nonfrivolous argument based on the law that she can raise on appeal.

**B. Conditions of Confinement**

Lewis also challenges the Court's conclusion that Lewis had failed to state a claim regarding unconstitutional conditions of confinement. Lewis asserts that "it does not seem that being forced to urinate and defecate in public is treatment that a federal court has ruled upon" and that "[e]ven our domestic dogs . . . prefer privacy when it comes to such matters." Motion at 3-4. However, Lewis states that "she must read the decisions cited" in the Court's opinion "before she can be certain" that the conditions at the detention center were inhumane. Thus, Lewis acknowledges that she does not have any authority in support of her position and therefore she does not have a reasoned argument based on the law that she can raise on appeal. Because Lewis has failed to identify any authority to support her position that the existence of a communal toilet in a jail cell constitutes an inhumane condition of confinement, the Court

concludes that Lewis has failed to demonstrate the existence of a reasoned and nonfrivolous argument on appeal.

   IT IS ORDERED THAT Plaintiff Nancy Lewis' Motion for Reconsideration is DENIED.

                 _____
                  SENIOR UNITED STATES DISTRICT JUDGE